UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 04-CV-180-HRW

REGINALD WILSON                                                                                   PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, ET AL.
                                                                                                 DEFENDANTS

      This matter is before the Court for consideration of the plaintiff's Motion to Alter or Amend Judgment [Record No. 8].

      On July 21, 1993, the plaintiff was sentenced to serve seventy (70) months. It is assumed his confinement commenced immediately after the sentencing, though that fact is not pled. Thus, the plaintiff had an expected release in May of 1999. On November 9, 1995, the sentencing judge issued a sentence reduction order and reduced the plaintiff's sentence to forty-six (46) months, thus creating an expected release date in May of 1997. On October 7, 2004, the plaintiff, an FCI-Ashland inmate, filed a Federal Tort Claims Act claim and constitutional tort claims pursuant to "42 U.S.C. §§1983, 1985, 1986, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The plaintiff complained that the defendants held him in confinement 24 months beyond his release date.

      By Memorandum Opinion and Order of February 25, 2005, the Court dismissed the action, *sua sponte*, because the statute of limitations had expired on his claims; because he failed to plead his claims with sufficient specificity in that he did not state when he became aware that he was being held beyond the release date established in the November 9, 1995 sentence reduction order; and/or

because the named defendants were not state actors and/or were merely private actors.

The plaintiff now seeks to amend his *pro se* and *in forma pauperis* complaint via a purported Federal Rule of Civil Procedure 59(e) Motion to Alter or Amend Judgment. He amends his pleadings to assert that he was first made aware of the November 9, 1995 sentence reduction order during the "first week of June, 2001." He now asserts that his FTCA complaint was timely filed. He now also asserts that his first *Bivens* complaint [*Wilson v. United States*, Ashland Civil Action No. 0:03-cv-00069-HRW] (originally filed May 7, 2003, but dismissed for failure to exhaust administrative remedies) was also timely filed.

## FTCA

The plaintiff's currently considered FTCA complaint was filed on October 7, 2004, after the plaintiff's FTCA administrative tort claim was denied on July 2, 2003.[1] Within that July 2, 2003 letter of denial, the plaintiff was notified that to further pursue his interests he had to file a complaint in an appropriate United States District Court not later than six months after the date of mailing (apparently July 2, 2003) of the FTCA notification of denial. Thus, to continue his FTCA claim, the plaintiff had to file a federal court claim on or before January 2, 2004. Though the plaintiff did file a complaint in this Court on May 7, 2003,[2] the currently considered complaint (filed October 7, 2004) is apparently the first FTCA claim brought before this Court after the July 2, 2003 FTCA notification of denial letter was issued. The plaintiff's FTCA claim is filed outside the statute of limitations and cannot go forward.

---

[1] The claim was denied for having been filed outside the statute of limitations and for being a 28 U.S.C. §2680 exception to the FTCA.

[2] It is unknown whether that complaint included an FTCA claim; but even if it had, the FTCA claim would not have been timely as it would have been asserted prior to the July 2, 2003 administrative denial of the claim.

BIVENS

The plaintiff claims he was made aware of the basis for his herein asserted *Bivens* claim during the "first week of June, 2001." He filed his first *Bivens* complaint on May 7, 2003. It was dismissed for failure to exhaust administrative remedies. At that time, it could also have been dismissed on expiration of the statute of limitations grounds. Currently, the plaintiff claims the Court may not now dismiss his *Bivens* claims on an expiration of the statute of limitations basis, because he claims he is entitled to equitable tolling for the period of time between when the May 7, 2003 complaint was dismissed, without prejudice, and the October 7, 2004 filing of the currently considered complaint. Because the May 7, 2003 complaint was subject to dismissal on statute of limitations grounds, it is apparent that the plaintiff is not entitled to equitable tolling for time expended exhausting his administrative remedies between the dismissal of the time-barred May 7, 2003 complaint and the filing of the currently considered complaint.

CONCLUSION

Accordingly, the plaintiff's Motion to Alter or Amend [Record No. 8] is **DENIED**.

This April 21, 2005.



Signed By:
Henry R Wilhoit Jr.
United States District Judge